**Albert KAUFMAN, Plaintiff-Appellant,**

v.

**Walter M. JEFFORDS, Jr., et al.,
Defendants-Appellees,**

and

**P. B. Garrett, Richard E. Krafve, H. Dewayne Kreager, Walter S. Ivancevic, Darien International Corporation and Met Verwaltungs-Aktiengesellschaft, Defendants.**

**No. 167, Docket 30682.**

United States Court of Appeals
Second Circuit.

Argued Nov. 9, 1966.

Decided Nov. 15, 1966.

Norman S. Nemser, New York City (Stanley Nemser, Nemser & Nemser, New York City, on the brief), for plaintiff-appellant.

Frank G. Raichle, Buffalo, N. Y. (Raichle, Moore, Banning & Weiss, Buffalo, N. Y., and Milton V. Freeman, Arnold & Porter, Washington, D. C., on the brief), for defendant-appellee Equity Corp.

Leonard S. Leaman, New York City (Lord, Day & Lord, New York City, on the brief), for defendants-appellees American Export Isbrandtsen Co., Inc., Isbrandtsen Co., Inc. and Jakob Isbrandtsen.

Bardusch, Johnson, Scheminger & Duncan, New York City, for defendants-appellees William E. Bardusch, Sr., Manhattan Winchester Realty Corp. and Camden Industries Co., Inc.

Palmer, Serles, Delaney, Shaw & Pomeroy, New York City, for defendant-appellee Camden Products, Inc.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendants-appellees David M. Milton and Triangle Securities Corp.

Before LUMBARD, Chief Judge, and MEDINA and KAUFMAN, Circuit Judges.

PER CURIAM:

Albert Kaufman, a stockholder of Equity Corporation, appeals from an order of Judge McLean of the United States District Court for the Southern District of New York which, on June 8, 1966, denied his motion for a temporary injunction in a shareholders' derivative action to enjoin the effectiveness of a vote of Equity stockholders at the annual meeting on May 10, 1966. As a basis for injunctive relief he alleged that various violations of fiduciary obligations, and of the Investment Company Act of 1940, § 16(a), 15 U.S.C. § 80a–16(a), under which Equity has been registered, had occurred on February 1, 1966 when David Milton, formerly Equity's chief executive officer, transferred control to the defendant Jakob Isbrandtsen and certain companies he controls, following a change in some of the directorships of Equity.

There is no basis for any claim that irreparable injury may occur to Equity Corporation until the claims can be heard and determined after a plenary hearing. Judge McLean found that the shareholders' meeting was properly called by the board which existed after the February 1, 1966 changeover. No action at that meeting appears to have created a situation of irreparable injury for which summary and drastic relief, equivalent to the ultimate relief, should be granted. We also agree with Judge McLean that there has not been a showing of clear violation of the Investment Act nor has the allegation of illegal transfer of control been demonstrated so clearly and unmistakably as to require any action prior to a considered determination and a full hearing in the district court.

Whatever taint there may be to the 1,773,665 shares of common stock (ap-proximately 17% of the voting stock) which the Isbrandtsen interests voted pursuant to proxy acquired from Milton on February 1, 1966, it appears that the present directors were elected by more than a majority of all the other outstanding shares for they received more than 70% of the votes outstanding. Therefore, we think their election to office should not be denied effect by preliminary injunction.

Since we have not passed on any of the merits of this controversy, we believe it would be advisable to have this done at an early trial. In the event the plaintiff makes application for a preference, we think that the district court should set the case for trial at an early date.

Affirmed.